**NOT FOR PUBLICATION**

RECEIVED
JUL 18 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KENNETH STEVEN HARPER-BEY,          :
                                    :
              Plaintiff,            :   Civil No. 11-7148 (PGS)
                                    :
         v.                         :   O P I N I O N
                                    :
STATE OF NEW JERSEY,                :
                                    :
              Defendant.            :
_____:

**APPEARANCES:**

Kenneth Steven Harper-Bey, <u>Pro Se</u>
1121942
Bertre Correctional Institution
P.O. Box 129
Windsor, NC 27983

**SHERIDAN, District Judge**

     Plaintiff, a state prisoner confined at the Bertre Correctional Institution, Windsor, North Carolina, brings this civil action alleging violations of her constitutional rights. He has applied to proceed <u>in forma pauperis</u> ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

1

is immune from such relief. For the following reasons, the complaint must be dismissed.

## BACKGROUND

Here, Plaintiff seeks to sue the State of New Jersey, the only named defendant, for "denationalization." Plaintiff claims that he is a Moorish American National, and seeks compensation in the amount of two million dollars per year from the time of his birth, as well as land, and immediate release from incarceration. It is unclear what his constitutional claim is, but the Court assumes it has to do with his underlying criminal conviction for which he is detained, as he is seeking release as a form of relief.

## DISCUSSION

A.  **Legal Standard**

   1.  **Standards for a *Sua Sponte* Dismissal**

   The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B);

28 U.S.C. § 1915A(b). This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009)(citing <u>Iqbal</u>, 129 S. Ct. at 1948).

The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50. <u>See</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Warren Gen. Hosp. v. Amgen Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." <u>Fowler</u>, 578 F.3d at 211 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2.  **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

4

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

B.  **Plaintiff's Claims**

Plaintiff cannot sue the State of New Jersey in this § 1983 suit.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440

U.S. 332 (1979). Thus, Plaintiff's claims against the State of New Jersey must be dismissed.

Furthermore, any challenge to Plaintiff's underlying criminal conviction must be made through the state's criminal appeals process, and then by way of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Release is not a form of relief available to him under § 1983. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff cannot challenge his state court criminal conviction in this § 1983 action. Nor can he seek monetary relief for an unconstitutional conviction or sentence until that conviction or sentence has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Here, Plaintiff has not pled that he had any convictions or sentences overturned. Thus, his claims are not ripe for consideration of monetary damages.

### CONCLUSION

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order accompanies this opinion.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 7-9-12